Filed 3/27/13  P. v. Kelly CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C072210 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F6031) |
| v. | |
| WARREN EDISON KELLY, | |
| Defendant and Appellant. | |

Defendant Warren Edison Kelly pleaded no contest to driving with willful wanton disregard for safety while eluding a pursuing peace officer (Veh. Code, § 2800.2) and admitted allegations of a prior serious felony conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[1] and a prior prison term (§ 667.5, subd. (b)).  In exchange, five related counts and six prior prison term allegations were dismissed with a *Harvey* waiver for restitution.[2]

---

[1]     Further statutory references are to the Penal Code unless otherwise indicated.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

1

Defendant was sentenced to state prison for a stipulated term of five years, awarded 44 days of custody credit and 44 days of conduct credit, ordered to make restitution to his victims, and ordered to pay a $760 fine (§ 672) including penalty assessments, a $240 restitution fine (§ 1202.4, subd. (b)) plus administrative fee, a $240 restitution fine suspended unless parole is revoked (§ 1202.45), a $40 Emergency Air Treatment Medical Fee (Gov. Code, § 76000.10, subd. (c)(1)), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

## FACTS[3]

On July 27, 2011, a California Highway Patrol officer investigated a report of a theft perpetrated by the driver of a motor home. When he observed the suspect motor home, he activated his patrol car's emergency lights and siren in order to signal the driver to stop. Rather than stop, the motor home continued on in an erratic manner and struck a parked van and a parked pickup truck. After the second collision, the motor home suddenly pulled to the right and stopped. The driver fled. The motor home was searched and items bearing the name of defendant were found. The officer obtained a photograph of defendant and determined that he was the person the officer had seen fleeing from the motor home.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

---

[3] Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

2

Our review discloses a minor error at sentencing.  The trial court orally pronounced a $40 Emergency Air Treatment Medical Fee pursuant to Government Code section 76000.10, subdivision (c)(1).  By statute, that fee is $4, not $40.  We shall modify the judgment accordingly.  The clerk's minutes and the abstract of judgment serendipitously reflect a $4 fee, so no correction of those documents is necessary.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified to impose a $4 Emergency Air Treatment Medical Fee pursuant to Government Code section 76000.10, subdivision (c)(1).  As so modified, the judgment is affirmed.


       NICHOLSON    , Acting P. J.


We concur:


      BUTZ     , J.


      MAURO   , J.

3